UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY E. DISMUKE,

        Plaintiff,

vs.

SOUTHFIELD OPCO, LLC d/b/a
MEDILODGE OF SOUTHFIELD,

        Defendant.
_____/

Case No.   20-12893

Honorable Denise Page Hood

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 2]

**I.   INTRODUCTION**

On or about September 18, 2020, *pro se* Plaintiff Anthony E. Dismuke filed this action in Oakland County Circuit Court against Defendant Southfield OPCO, LLC d/b/a Medilodge of Southfield. Plaintiff's one-count Complaint alleges that Defendant breached a contract when it terminated him without "just cause." On October 28, 2020, Defendant removed Plaintiff's cause of action to this Court. On November 4, 2020, Defendant filed a Motion to Dismiss. ECF No. 2. The Motion to Dismiss is fully briefed, including supplemental briefs. ECF Nos. 14-15. For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

## II.   BACKGROUND

Defendant Medilodge is a long term care facility, and Plaintiff was a nursing assistant at Medilodge for approximately 12 years prior to his termination in March 2020. Plaintiff was a member of the union at Medilodge and, pursuant to the collective bargaining agreement ("CBA") his union had with Defendant, he could only be terminated for "just cause." ECF No. 1-1, PageID.10, ¶ 7 (citing Article XIII of the CBA). Plaintiff alleges that Defendant told Plaintiff that he was suspended, then terminated, for mishandling a patient by being too rough with the patient. Plaintiff alleges that Defendant subsequently offered him his job back but would have required him to work the day shift for 90 days, without back pay. Plaintiff alleges that he could not work the day shift due to a second job and child care issues.

## III.   APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the

defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

The Sixth Circuit has stated:

> Section 301 of the LMRA preempts "state law-based actions [that are] inextricably intertwined with consideration of the terms" of a CBA. *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir.2004) (internal quotation marks omitted). Preemption under § 301 of the LMRA applies not only to contract-based claims, but also to state-law tort claims. *Id*. To decide whether a state-law claim is preempted by the LMRA, we perform a two-step inquiry. The first step requires us to determine "whether resolving the state-law claim would require interpretation of the terms" of the CBA. *Id*. at 906. If interpretation of the CBA would be required, then the state-law claim is preempted and the inquiry is at an end. *Id*. The second step involves ascertaining "whether the rights claimed by the plaintiff were created by the [CBA], or instead by state law." *Id*. If the rights were created by the CBA, then the state-law claim is preempted. *Id*.

> Here, Loyd's claim of intentional interference with a contractual relationship is based on the hospital's alleged failure to "honor and perform its contractual obligations" under the CBA. This claim is accordingly preempted by § 301 of the LMRA because it asserts "a right created not by state law," but instead created by the CBA between the hospital and Loyd's union. *See Mattis*, 355 F.3d at 907 (holding that a Michigan common-law claim of tortious interference with a business

3

relationship was preempted by § 301). The district court, therefore, did not err in its preemption analysis of the intentional-interference claim.

*Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 592 (6th Cir. 2014). This reasoning was further explained in a recent case in the Eastern District where the union plaintiff alleged a breach of contract by his employer:

> Greiner's breach of contract claim against the County is pre-empted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. That statute pre-empts any state-law claim that is "inextricably intertwined with consideration of the terms of a [collective bargaining agreement]," *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 592 (6th Cir. 2014), and, more specifically, bars individual union members from bringing state-law breach of contract claims based upon an employer's alleged breach of a collective bargaining agreement. *See Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004). Greiner cannot avoid the pre-emptive force of Section 301 by alleging that he entered into an individual employment contract with the County. *See Maushund v. Earl C. Smith Inc.*, 795 F.2d 589, 590-91 (6th Cir. 1986) (explaining that "the collective bargaining process prohibits [bargaining unit employees] from engaging in separate negotiations with the company and precludes any actions to enforce such an agreement."); *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990) ("[E]mployees covered by a CBA cannot rely upon the existence of a separate, individual employment contract giving rise to state law claims."). Accordingly, the County is entitled to summary judgment on Greiner's breach of contract claim.

*Greiner v. Charter Cty. of Macomb, Michigan*, No. 14-CV-13979, 2017 WL 3977845, at *14 (E.D. Mich. Sept. 11, 2017) (Leitman, J.) (footnote omitted), *aff'd sub nom. Greiner v. Macomb Cty., MI*, No. 17-2417, 2019 WL 8884615 (6th Cir. Aug. 16, 2019).

4

Defendant argues first that resolving Plaintiff's common law breach of contract claim would require an interpretation of the CBA terms, as Plaintiff alleges that he had a right to a "just cause" termination under the CBA. As Defendant states, Plaintiff claims he "was a member of the union at Medilodge, and as such he was only subject to termination for just cause under the union contract Article XIII. See attached." ECF No. 1-1, PageID.10, ¶ 7. The Court finds that Plaintiff's reliance on the language of the CBA, and the fact that he attached the CBA to his Complaint, would require the Court to apply and interpret the terms in the CBA. In other words, for the Court to consider whether Plaintiff's termination was wrongful, the Court would have to decide what "just cause" in the CBA means. For this reason, the Court concludes that Plaintiff's contract claim fails on the first prong of the two-step analysis. Defendant is entitled to dismissal of Plaintiff's breach of contract action on that basis alone.

The Court also finds that Plaintiff's asserted right to termination only for "just cause" is a right created exclusively by the CBA, not state law. *See, e.g., Barber v. SMH (US)*, 202 Mich. App. 366, 369 (1993) (discussing the presumption of at-will employment under Michigan law). Under Michigan law, Plaintiff's employment would have been terminable at any time and for any permissible reason – but for the terms of the CBA providing for only a "just cause" termination. *Id*. *See also Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 801 (6th Cir. 1990) ("employees covered by a

CBA cannot rely upon the existence of a separate, individual employment contract giving rise to state law claims.").

Plaintiff only pleads a claim of common law breach of contract theory, and his right to a "just cause" termination arises exclusively from the CBA, rather than any state law. Accordingly, Plaintiff's claim fails to satisfy the second step of the two-step test and Section 301 preemption applies. *See Loyd*, 766 F.3d 580, 592 (6th Cir. 2014) (claim for common law interference with a contractual relationship based on the terms of a CBA was dismissed and preempted by Section 301 of the LMRA because it was premised on her employer's "failure to honor and perform its contractual obligations under the CBA," a right created by the CBA) *Id*; *Greiner*, 2017 WL 3977845, at *14 (citations omitted) (Section 301 preempted an employee's breach of contract claim against his former employer because it was "inextricably intertwined with the terms of the collective bargaining agreement"). The Court concludes that Plaintiff's claim asserts a right created exclusively by the CBA and is preempted by Section 301 of the LMRA.

The Court notes Plaintiff's arguments that his case should not be dismissed because: (1) he followed the grievance procedures under the CBA; and (2) Defendant's argument about pre-emption does not make sense. Plaintiff's argument that he followed the grievance procedures only buttresses Defendant's argument that

6

Plaintiff's breach of contract claim is pre-empted by Section 301 of the LMRA. In relying on the CBA to support his claim, he also demonstrates that the terms of the CBA are what is at issue. And, by taking that position, he shows why Section 301 of the LMRA pre-empts Plaintiff's state law breach of contract claim.

In addressing Defendant's argument about pre-emption, Plaintiff states, "Plaintiff does not dispute that collective bargaining agreements are to be interpreted under federal common law, but does not understand how dismissal follows." ECF No. 4, PageID.36. Again, Plaintiff's position tends to support Defendant's motion to dismiss, as he acknowledges that CBAs are to be interpreted under federal law. As Plaintiff's response recognizes (implicitly and explicitly), his breach of contract claim is inextricably intertwined with the terms of the CBA. The Court reiterates the holdings of *Loyd* and *Mattis*. Specifically, the Court concludes that the LMRA pre-empts any state-law claim like Plaintiff's, *i.e.* a claim that is "inextricably intertwined with consideration of the terms of a [CBA]," *Loyd*, 766 F.3d at 592, and bars an individual union member (such as Plaintiff) from bringing state-law breach of contract claims based upon his employer's alleged breach of the CBA. *Mattis,* 355 F.3d at 905.

### IV.   CONCLUSION

Accordingly, for the reasons stated above, the Court: (1) ORDERS that Defendant's Motion to Dismiss [ECF No. 2] is GRANTED; and (2) FURTHER ORDERS that Plaintiff's cause of action is DISMISSED.

May 8, 2023                                     s/Denise Page Hood
                                                Denise Page Hood
                                                United States District Court